UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH DAOUD, <br><br> Plaintiff, <br><br> Vs. <br><br> STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY, JOHN and JANE DOES 1-10 (fictitious unidentified individuals) and ABC CORPORATIONS 1-10, (fictitious individuals, corporations or other business entities presently unidentifiable) <br><br> Defendants) | DOCKET NO.: <br><br> CIVIL ACTION <br><br> *NOTICE AND PETITION OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)* |

**TO:   THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company, (hereinafter "Starbucks"), hereby removes to this Court the state court action described below.

1.   An action was commenced by Summons and Complaint on or about February 14, 2020 in Superior Court of New Jersey, Essex County.  *A true and correct copy of the Summons and Complaint, is annexed hereto as Exhibit A.*  The Complaint alleged that plaintiff was a resident of Paramus, New Jersey, but did not list an amount in controversy.

2.   Plaintiff filed an Amended Complaint on August 19, 2020 correcting the names of the Defendants within the action. *A true and correct copy of the Summons and*

*Complaint, is annexed hereto as Exhibit B.* The Amended Complaint alleged that plaintiff was a resident of Paramus, New Jersey, but again did not list an amount in controversy.

3. Starbucks filed its Answer to plaintiff's Amended Complaint on or about September 29, 2020. *A true and correct copy of Starbucks Corporation's Answer to Plaintiff's Complaint, is attached hereto as Exhibit C.* Included within the Answer was a Demand for Statement of Damages.

4. The above-described action is one which may be removed by Starbucks based upon diversity of citizenship pursuant to 28 U.S.C. 1332(a)(1), 28 U.S.C section 1446(c)(2) and (3), as well as 28 U.S.C. §1441(a) and (b). It is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained more fully below.

5. Complete diversity of citizenship exists between the plaintiff and the defendants. In the Complaint, plaintiff admitted that she resides in Paramus, New Jersey (Essex County). *See, plaintiff's Complaint and Amended Complaint, previously annexed hereto as Exhibits A and B.* She is therefore a citizen of the State of New Jersey.

6. Starbucks Corporation d/b/a/ Starbucks Coffee Company, is, and was at the time this action was commenced, incorporated in the State of Washington. *See Washington State Secretary of State Information, annexed hereto as Exhibit D.* Upon information and belief, the principal place of business of Starbucks Corporation is, and was at the time this action was commenced, also in Seattle, Washington.

7. Plaintiff also named "JOHN DOE 1-10", "JANE DOE 1-10" and "ABC CORPORATION" in her Complaint and Amended Complaint as fictitious defendants. *See, Exhibits A and B*. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(b)(1). Therefore, complete diversity exists and existed at the time the action was commenced.

8. No other defendants have been served in this action. Therefore, joinder is not required.

9. As noted earlier, plaintiffs failed to state the amount in controversy in her Complaint. The Superior Court of New Jersey, Essex County Law Division, Civil Part, where this claim was filed, has no monetary limit on the damage claims. However, under New Jersey Court Rule 4:5–2, the plaintiff is permitted to demand damages generally without specifying the amount. As noted in 28 U.S.C. §1446(c)(2)(A)(ii), if the initial complaint seeks a monetary judgment but the state practice "either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," as here, the notice of removal may assert the jurisdictional minimum. Under such circumstances, removal will be upheld if the Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. §1446(c)(2)(b); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("Courts are to decide "by a preponderance of the evidence [standard], whether the amount-in-

controversy requirement has been satisfied.")

10. Under New Jersey Court Rule 4:5-2, "[u]pon service of a written request by another party, the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed. . ." *See*, Rule 4:5-2. Pursuant to this rule, Starbucks requested a written statement from plaintiff of the amount of damages claimed in its Answer on September 29, 2020, but plaintiffs failed to provide an amount in response.

11. Thereafter, Starbucks submitted additional correspondence to plaintiff's counsel requesting a statement of damages, which Starbucks was entitled to seek under New Jersey Court Rule 4:5-2. *See*, *November 2, 2020 letter to plaintiff*, a *true and correct copy of which is annexed hereto as Exhibit E*.

12. <u>Plaintiff's counsel advised via telephone call on November 18, 2020 that plaintiff claimed damages in the amount of $200,000.00 which was confirmed by email on November 19, 2020.</u> *A true and correct copy of said email to plaintiff counsel is annexed hereto as Exhibit F*.

13. As specified in 28 U.S.C. §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Here, plaintiffs have stated unequivocally that her claimed damages are well in excess of the $75,000.00 jurisdictional threshold.

14. Where the amount in controversy is not ascertainable from the pleadings, the

removing party must file the notice of removal "within 30 days after receipt by the defendant" of a litigation document, (either an "amended pleading, motion, order <u>or other paper</u>"), demonstrating sufficient jurisdictional facts. 28 U.S.C. § 1446(b)(3); *Portillo v. Nat'l Freight, Inc.*, 2016 U.S. Dist. LEXIS 33365, at 14-15; *see also Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 69 (1st Cir. 2014).

15. Starbucks filed and served this Notice and Petition within thirty (30) days of receipt of plaintiffs' November 18, 2020 affirmation as to the claimed amount of damages. *See, Exhibit F.* Starbucks timely files this Notice and Petition of Removal within 30 days of being able to present evidence that the amount in controversy is met. *See*, 28 U.S.C. §1446(b)(3) which could only have been know upon the conversation with plaintiff's counsel on November 18, 2020.

16. For the foregoing reasons, removal of this action is proper.

WHEREFORE, Petitioner, Starbucks Corporation, prays that the action now pending against it in the Superior Court of the State of New Jersey, County of Essex, be removed therefrom to the United States District Court, District of New Jersey (Newark Vicinage), and

for such other and further relief as this Court deems just and proper.

Dated: December 15, 2020

                                          THE TIERNEY LAW GROUP, LLC

                                          _____*s/Lori Anne Fee, Esq.*_____
                                          By:  Lori Anne Fee Esq.
                                          1259 US Highway 46, Building 3, Suite 133
                                          Parsippany, New Jersey 07054
                                          Tel: 973-588-3050 / Fax: 973-588-3048
                                          Attorneys for Defendant: Starbucks Corporation.

## **PROOF OF SERVICE**

On December 15, 2020, I, the undersigned, served the following as follows:

- **Notice and Petition of Removal, with Exhibits A-F, in the United States District Court, with a copy to the Superior Court, Essex County simultaneously herewith; and**

- **Notice to Plaintiff of Removal to Federal Court**


| | |
|---|---|
| Matthew V. Villani, Esq.<br>Gelman, Gelman, Wiskow & McCarthy, LLC<br>150 Morristown Road, Suite 103<br>Bernardsville, NJ 07924 | Via: Electronic Filing and NJLS Courier |
| Essex County Superior Court<br>Clerk of the Court<br>50 W Market St, Newark, NJ 07102 | Via: Electronic Filing |
| United States District Court<br>District of New Jersey (Newark)<br>Martin Luther King Jr. Federal Building<br>50 Walnut St – Room 4015<br>Newark, New Jersey 07102 | Via: Electronic Filing (CM/ECF) |

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 15, 2020

                                                               *s/Lori Anne Fee,, Esq.*
                                                               Lori Anne Fee, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH DAOUD,<br><br>　　　　　　　Plaintiff,<br>Vs.<br><br>STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY, JOHN and JANE DOES 1-10 (fictitious unidentified individuals) and ABC CORPORATIONS 1-10, (fictitious individuals, corporations or other business entities presently unidentifiable)<br><br>　　　　　　　Defendant(s). | DOCKET NO.:<br><br>CIVIL ACTION<br><br>*NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT* |

TO:   Plaintiff, Deborah Daoud, through her Attorney of Record, Matthew V. Villani, Esq.:

　　　PLEASE TAKE NOTICE that a Notice and Petition of Removal is being filed herewith in the District Court of New Jersey, on December 15, 2020.

　　　A copy of the Notice and Petition of Removal is attached to this Notice and is served and filed herewith.

DATED:   December 15, 2020

　　　　　　　　　　　　　　　　　　　*s/Lori Anne Fee, Esq.*
　　　　　　　　　　　　　　　　　　By:  Lori Anne Fee Esq.
　　　　　　　　　　　　　　　　　　1259 US Highway 46, Building 3, Suite 133
　　　　　　　　　　　　　　　　　　Parsippany, New Jersey 07054
　　　　　　　　　　　　　　　　　　Tel: 973-588-3050 / Fax: 973-588-3048
　　　　　　　　　　　　　　　　　　Attorneys for Defendant: Starbucks Corporation
　　　　　　　　　　　　　　　　　　Our File No.: 400.137