# EXHIBIT "A"

Matthew V. Villani – Attorney ID No.: 026452007
Gelman, Gelman, Wiskow & McCarthy, LLC
150 Morristown Road, Suite 103
Bernardsville, NJ 07924
(862) 263-0770
Attorneys for plaintiff

| Deborah Daoud | : | SUPERIOR COURT OF NEW JERSEY |
|---|---|---|
| | : | LAW DIVISION: ESSEX COUNTY |
| Plaintiff, | : | |
| | : | |
| vs. | : | DOCKET NO.: ESX-L- |
| | : | |
| Starbucks Coffee Company, JOHN and | : | CIVIL ACTION |
| JANE DOES 1-10 (fictitious unidentified | : | |
| individuals) AND ABC | : | **COMPLAINT, JURY DEMAND,** |
| CORPORATIONS 1-10, (fictitious | : | **DESIGNATION OF TRIAL COUNSEL,** |
| individuals, corporations or other business | : | **DISCOVERY REQUESTS UPON** |
| entities presently unidentifiable) | : | **DEFENDANTS, AND REQUEST FOR** |
| | : | **ADMISSIONS** |
| Defendants. | : | |

Plaintiff, Deborah Daoud, residing at 6 Crabtree Lane, Paramus, New Jersey by way of Complaint against the defendants, hereby declares:

### FIRST COUNT

1. On or about August 16, 2019, plaintiff, Deborah Daoud, was lawfully upon the premises of defendant, Starbucks Coffee Company, located at or near 177 N.J. 17 South in Paramus, New Jersey.

2. On that date and prior thereto, defendant, Starbucks Coffee Company, owned, managed, supervised, maintained, serviced and/or controlled said premises and the business thereon, as well as the service of food and beverages.

3. On that date and prior thereto, defendants, John and Jane Does 1-10 and ABC Corporations 1-10 (fictitious unknown individuals and entities) were responsible for the maintenance, service of said premises and the business thereon, as well as the service of food and beverages.

4. Defendant, Starbucks Coffee Company does business in Essex County.

5. Defendants negligently owned, operated, managed, supervised, maintained and serviced said premises and the business thereon by serving plaintiff with an excessively hot beverages and also serving plaintiff with a hot beverage in a cup where the lid was not properly sealed and/or applied to the cup.

6. As a direct and proximate result of defendants' negligence, plaintiff, Deborah Daoud, sustained severe and permanent personal injuries of body, mind and emotion; endured excruciating pain and suffering; became disabled and impaired; incurred liabilities for medical care and treatment; lost employment earnings; and suffered a significant diminution in the quality and enjoyment of life.

**WHEREFORE**, plaintiff demands judgment against the defendants, for damages, interest, attorney's fees, Court costs, and any other relief the Court deems fair and just.

## SECOND COUNT

1. Plaintiff repeats and realleges the allegations of the First Count as though set forth herein.

2. On the above referenced date, defendants, including the fictitious defendants, negligently failed to warn, inform, notify, or otherwise advise Plaintiff of the dangerous condition that caused her injury.

3. As a result of the defendants' negligence, plaintiff sustained severe and permanent personal injuries of body, mind and emotion; endured excruciating pain and suffering; became disabled and impaired; incurred liabilities for medical care and treatment; lost employment earnings; and suffered a significant diminution in the quality and enjoyment of life.

**WHEREFORE**, plaintiff demands judgment against the Defendants, for damages, interest, attorney's fees, Court costs, and any other relief the Court deems fair and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the firm of Gelman, Gelman, Wiskow & McCarthy, LLC attorneys for Plaintiff, hereby appoint MATTHEW V. VILLANI as trial counsel.

## DISCOVERY DEMANDS

## DEMAND FOR ANSWERS TO INTERROGATORIES

Purusant to Rule 4:17-1 et seq., plaintiff here by demands that all defendants provide answers to Form C and C-2 interrogatories.

## DEMAND FOR SUPPLEMENTAL INTERROGATORIES

1. Please state the name and address of the barista that served plaintiff on August 16, 2019 (if unknown, please provide the name and address of all baristas on duty on the date of the accident).

2. Provide the temperature or temperatures that hot tea and coffee were to be served on the date of the accident.

3. Provide the corporate name and address of the entity that operated the business located at 177 N.J. 17 South in Paramus, New Jersey on August 16, 2019.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, et seq., plaintiff hereby demands that all defendants provide the following documents:

1. Any and all statements or reports made by any person or governmental entity concerning this civil action or its subject matter.

2. Copies of any and all photographs in your possession of the vehicles, the location, or the parties involved in this accident.

3. Copies of any and all repairs estimates of the vehicles involved in this accident.

4. Copies of any claims information bureau or other insurance claims searches or other documents referencing any prior or subsequent injuries and/or claims by the plaintiff.

5. Copies of any statements made by any person with regard to the happening of the collision or having to do with the subject matter of this action.

6. Copies of any and all expert reports, reports of diagnostic tests, hospital and medical records, X-rays, CAT scan films, MRI films and any other films and bills relating to any condition or injury sustained by the plaintiff.

7. Copies of all written reports or summaries of oral reports of all expert or treating or examining physicians along with their curriculum vitae.

8. Copies of any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to, utilized by or relied upon by any expert witness whom plaintiff/defendant intends to call at the time of trial.

9. Copies of any and all documents, reports, correspondence, blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses, whether or not you intend on calling them at the time of trial.

10. Copies of any and all photographs, diagrams, charts, drawings, maps, plans or models or other visual reproductions of any object, place or thing related to this litigation.

11. All documents, tangible evidence or other items relevant to the incident set forth in the plaintiff's complaint.

12. All deeds, leases, contracts, invoices, maintenance agreements, or records pertaining to any person, vehicle, or premises identified in the plaintiff's complaint.

13. Copies of any documents provided to drivers as part of their training or orientation.

14. If you are not supplying any statement, report, medical record or other item requested herein, identify the item; indicate who has possession of the item; specify their address and state the reason why the items are not being provided.

15. Provide copies of all documents you intend to use at trial, including cross-examination and for impeachment purposes.

16. Was any type of surveillance taken of the plaintiff and, if so, state the name, address and occupation of the person performing such surveillance, the dates of this surveillance, and produce copies of any and all surveillance materials along with logs and any other materials relating to the surveillance.

17. Provide all videos and/or images and/or photographs and/or any depiction of the plaintiff.

18. Provide all videos and/or images and/or photographs and/or any depiction of the accident scene and of the accident itself.

19. With respect to any expert of the defendant, provide:
    i) a complete statement of all opinions the witness will express and the basis and reasons for them;
    ii) the date or other information considered by the witness in forming them;
    iii) any exhibits that will be used to summarize or support them;
    iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
    v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition;
    vi) a statement of the compensation to be paid for the study and testimony in this case.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2 (b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied., (j) excess coverage, (k) concurrent coverage, (l) umbrella policies.

Gelman, Gelman, Wiskow & McCarthy, LLC
Attorneys for Plaintiff

BY: _____
MATTHEW V. VILLANI

DATED: February 6, 2020

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-001273-20**

**Case Caption:** DAOUD DEBORAH VS STARBUCKS COFFEE COM PANY
**Case Initiation Date:** 02/14/2020
**Attorney Name:** MATTHEW VINCENT VILLANI
**Firm Name:** GELMAN GELMAN WISKOW & MC CARTHY, LLC
**Address:** 150 MORRISTOWN RD STE 103 BERNARDSVILLE NJ 07924
**Phone:** 8622630770
**Name of Party:** PLAINTIFF : Daoud, Deborah
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/14/2020                                                      /s/ MATTHEW VINCENT VILLANI
Dated                                                           Signed